IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| PAUL ROYAL, as Administrator Ad Litem of the Estate of KAYLA NICOLE BAILEY, Deceased, and on behalf of the Wrongful Death Beneficiaries of the Estate of KAYLA NICOLE BAILEY, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 23-cv-2348-JTF-tmp |
| v. | ) ) | |
| COX TRANSPORTATION SERVICES, INC., and MELVIN WARREN OSTERBIND, JR., | ) ) ) ) | |
| Defendants. | ) ) | Consolidated with |
| JACQUELINE BLEDSOE WEAVER, as Administratrix of the Estate Of JULIUS BLEDSOE WEAVER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 23-cv-2596-JTF-tmp |
| COX TRANSPORTATION SERVICES, INC., and MELVIN WARREN OSTERBIND, JR., | ) ) ) ) | |
| Defendants. | ) ) | |

_____

**ORDER DENYING PLAINTIFF PAUL ROYAL'S MOTION TO COMPEL DISOCVERY RESPONSES**
_____

Before the court is plaintiff Paul Royal's Motion to Compel Discovery Responses, filed on September 4, 2024. (ECF No. 88.) The

motion was referred to the undersigned for determination on September 16, 2024. (ECF No. 91.) For the reasons below, the motion is DENIED.

## I. BACKGROUND

This case arises from a September 25, 2022, motor vehicle accident involving defendant Melvin Osterbind, Jr. and decedents Julius Weaver and Kayla Bailey. (ECF No. 1 at PageID 3; ECF No. 88 at PageID 580.) Weaver's vehicle, in which Bailey was a passenger, collided into the rear of a tractor trailer being operated by Osterbind and owned by defendant Cox Transportation Services, Inc. ("Cox") (ECF No. 88 at PageID 580; ECF No. 93 at PageID 618.) At the time of the collision, Osterbind had parked the trailer in the right-most lane of travel on Interstate 40 in Memphis. (ECF No. 88 at PageID 580; ECF No. 93 at PageID 621.) According to defendants, Osterbind did so with the intent of "alerting the drivers behind him . . . of the danger in the road ahead" posed by a prior, nearby collision. (ECF No. 93 at PageID 622.)

Royal filed the instant motion on September 4, 2024, seeking to compel Cox's responses to four discovery requests regarding the corporation's financial condition. (ECF No. 88 at PageID 580, 588.) Royal contends that, because he has sufficiently alleged a basis for punitive damages against Cox, he is entitled to the requested discovery. (Id. at PageID 589.) Cox filed its response on September

18, 2024. (ECF No. 93.) After the court granted leave, Royal filed his reply on September 25, 2024. (ECF Nos. 102, 103.)

## II.  ANALYSIS

Under the Federal Rules of Civil Procedure, information is discoverable if it is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The court may limit discovery upon a showing that the discovery sought is unreasonably cumulative, duplicative, or is more easily obtainable from another source; that the party seeking discovery has had ample opportunity to obtain the information sought; or that the burden or expense of the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

Here, Royal alleges that the requested discovery is relevant to his claim of punitive damages. (See ECF No. 1 at PageID 18) (alleging aggravating circumstances entitling plaintiff to punitive damages recovery). Without the financial information he seeks, Royal argues that "the jury will not be able to accurately determine an amount that is sufficient but not greater than necessary to deter future misconduct by Defendants." (ECF No. 88 at PageID 589.) Thus, according to Royal, "[t]he process of awarding punitive damages can only be properly done with the evidence of Defendant's financial condition." (Id.)

The court must apply Tennessee substantive law when assessing Royal's damages claim in this diversity action. See Medlin v. Clyde

- 3 -

Sparks Wrecker Serv., Inc., 59 F. App'x 770, 773-74 (6th Cir. 2003) (reviewing punitive damages award under Tennessee law). In Tennessee, punitive damages may "be awarded only in the most egregious of cases," where a plaintiff proves, by clear and convincing evidence, that a defendant's action was, *inter alia*, reckless. Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992); see also A.K. by and through Kocher v. Durham Sch. Servs., L.P., No. 2:15-cv-02663, 2016 WL 11248525, at *3 (W.D. Tenn. Aug. 16, 2016). Under Tennessee law, "[a] person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances." Hodges, 833 S.W.2d at 901.

Tennessee courts have not adopted a bright-line standard for when a party is entitled to punitive damages discovery. "[A] seemingly growing number of courts require a prima facie showing of entitlement to, or an evidentiary basis for the recovery of, punitive damages prior to allowing discovery of a defendant's financial status while other courts delay discovery altogether on punitive damages until after dispositive motions have been decided." Zielke v. Vision Hosp. Grp., Inc., No. 1:14-cv-362-SKL, 2015 WL 9876950, at *2 (E.D. Tenn. Nov. 3, 2015) (collecting cases); see also Bauer v. Wyndham Vacation Resorts, Inc., No. 3:18-

cv-262-TAV-DCP, 2021 WL 2472899, at *6 (E.D. Tenn. Mar. 18, 2021) (discussing Zielke). Others have required only a showing "that some factual basis for punitive damages exists" based on existing discovery on the merits. Wells v. Epes Transp. Sys., Inc., No. 3:05-cv-149, 2006 WL 1050670, at *5 (E.D. Tenn. Apr. 20, 2006) (quoting Breault v. Friedli, 610 S.W.2d 134, 139 (Tenn. Ct. App. 1980)); see also Bauer, 2021 WL 2472899, at *6 (describing a "split in authority" among Tennessee courts regarding the discovery standard for punitive damages).

    The court declines to resolve this ambiguity here, finding instead that punitive damages discovery is not warranted under either standard. True, Royal presents evidence of what he describes as Osterbind's reckless conduct before the fatal collision—namely, "parking his loaded tractor trailer in an interstate lane of travel on a poorly lit road in the middle of the night"—and Cox's recklessness "in its lack of continued training and supervision" of Osterbind. (ECF No. 88 at PageID 583, 585.) But Cox takes a different position, characterizing Osterbind's conduct as "virtuous and, at the very least, reasonable under all the circumstances." (ECF No. 93 at PageID 620-21.) Defendant further argues that Royal's claims regarding its own reckless conduct are "conclusory statements disguised as facts," lacking support "by the actual evidence from discovery." (Id. at PageID 624-25.)

- 5 -

Based on the existing record, the court finds that Royal has not shown the sort of "egregious" conduct that would justify punitive damages. Hodges, 883 S.W.2d at 901. Royal is therefore not entitled to punitive damages discovery at this stage of litigation. However, Royal is free to renew his motion as the record develops or following the court's ruling on defendants' forthcoming dispositive motion on the issue of punitive damages. (See ECF No. 93 at PageID 618.)

### III. CONCLUSION

For the foregoing reasons, plaintiff Paul Royal's Motion to Compel Discovery Responses is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 17, 2024
Date