IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JACQUELINE BLEDSOE
WEAVER, as ADMINISTRATRIX OF THE
ESTATE OF JULIUS BLEDSOE
WEAVER,

    Plaintiffs,

v.                                          Cases 2:23-cv-02596-JTF-tmp
                                            and    2:23-cv-02348-JTF-tmp

COX TRANSPORTATION SERVICES, INC.
and MELVIN WARREN OSTERBIND, JR.

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE ALLEGATIONS IN PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

Before the Court is Defendants' Motion to Strike Allegations in Plaintiff's Second Amended Complaint filed on September 14, 2023. (ECF No. 32.) [1] Plaintiffs filed a Response in Opposition to Motion to Strike on September 27, 2023. (ECF No. 38.) For the reasons stated below, the Court **DENIES** Defendants' motion.

## I.    LEGAL STANDARD

Pursuant to Fed. R. of Civ. P. Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]here is considerable overlap between the concepts of 'impertinent' and 'immaterial' matter." Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1382. For purposes of Rule 12(f), material is impertinent "if it consists of

---

[1] All citations in this Order refer to the ECF docket entry numbers for Case Number 23-cv-2348 unless otherwise noted.

1

statements that do not pertain, and are not necessary, to the issues in question." *See Garland v. Wal-Mart Stores, Inc.*, No. 09-1067-STA-egb, 2009 WL 3241701, at *1 (W.D. Tenn. Sept. 30, 2009). Rule 12(f) motions made on the ground that the material is impertinent or immaterial will "usually be denied unless the matter to be stricken has no possible relation to the controversy and may cause significant prejudice to one of the parties." *Id.* (citations omitted). Thus, the standard for granting a Rule 12(f) motion to strike is high. *See Griffin v. Bank of Am., N.A.*, No. 2:14-cv-02335, 2014 WL 12531103, at *1 (W.D. Tenn. Oct. 7, 2014). Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party. *See Jewell v. Shelby Cnty Gov't*, No. 13-2048-STA-dkv, 2013 WL 5306102, at *4 (W.D. Tenn. Sept. 20, 2013).

Regardless of whether a moving party has met its burden to prove the allegations contained in a pleading violate Rule 12(f), discretion remains with the Court to grant or deny the motion. *See* Fed. R. Civ. P. 12(f) (indicating that allegations which are subject to Rule 12(f) "may" be stricken). However, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).

## II.   ANALYSIS

### A. The Parties' Arguments

Defendants seek to strike Paragraphs 87 and 124 from Plaintiff's Second Amended Complaint.[2] Paragraph 87 states that:

> Other motorists and their passengers, like the Plaintiff, are the contemplated protected class in each of these regulations, statutes, codes, and ordinances cited above.

(ECF No. 25, 12 ¶87.)

---

[2] Defendants had previously filed a Motion to Strike Paragraph 78 from Plaintiffs' Complaint, raising arguments similar to those presently before the Court. (ECF No. 12.) The Court had denied that motion. (ECF No. 21.).

2

Paragraph 124 alleges that:

> The conduct and acts of the Defendants evidence a willful and wanton disregard for the safety of the public and more specifically the decedent. Specifically, Defendants' reckless, willful, and wanton actions would raise the presumption of conscious indifference to consequences such that said Defendants are liable, jointly and severally, for punitive damages.

(*Id.* at 20 ¶124.)

Defendants take issue with the "[o]ther motorists and their passengers" language from Paragraph 87 and Plaintiff's allusion to "the safety of the public" in Paragraph 124. They move to strike the entirety of Paragraphs 87 and 124 from Plaintiff's complaint arguing that these allegations are "immaterial, prejudicial, inadmissible, and impertinent" because they claim the allegations raised have no possible relation or logical connection to the controversy or to the instructions concerning the applicable standard of care that will be charged to the jury in this case. (*Id.* at 1–2.) Additionally, Defendants argue that the language utilized attempts to improperly invoke "Reptile Theory" and/or "Golden Rule" arguments, which Defendants claim will be unduly prejudicial to them. (ECF No. 31, 4–6.)

Plaintiff responds that the challenged language is derived from the relevant law on both negligence *per se* and punitive damages. (ECF No. 38, 2.) Plaintiff also contends that Defendants' have impermissibly used Rule 12(f) because it "says nothing about striking prejudicial or impermissible material," meaning that the Motion should be denied. (*Id.* at 6.) Moreover, Plaintiff insists that the Motion is little more than an attack on their trial strategy and foreshadowing of trial arguments. (*Id.* at 2, 7.) Lastly, Plaintiff claims that nothing in Paragraphs 87 and 124 reflect an improper legal theory, and that striking the allegations would instead prejudice him by weakening his pleadings, thereby exposing him to a Fed. R. of Civ. P. Rule 12(b)(6) attack. (*Id.* at 10–11.)

B. Analysis under Rule 12(f)

As a preliminary matter, the Court finds that Rule 12(f) is applicable here because it "provides a basis for striking pleadings." The Court considers whether the challenged sections are "immaterial" or "impertinent" below.[3]

Plaintiff's allegations contained within Paragraphs 87 and 124 serve the useful purpose of laying out their negligence *per se* and punitive claims under Tennessee law. While Defendants may disagree with the allegations, the Court finds that neither of the Paragraphs rise to the level of being "immaterial" or "impertinent" under Rule 12(f) as they relate and pertain to the controversy at hand, and do not significantly prejudice Defendants. Therefore, the motion to strike is **DENIED**.

1. "Immaterial" or "impertinent" matter

    a. Negligence *per se* claim in Paragraph 87

Plaintiff alleges that several regulations, statutes, codes, and ordinances are bases for his negligence *per se* claim. (ECF No. 25, 9–11.) To prevail on his negligence *per se* claim, Plaintiff must establish that: (1) Defendants violated a statute or ordinance that imposes a duty or prohibition for the benefit of a person or the public; (2) he belongs to the class of person the statute was designed to protect; and (3) his injury is of the type that the statute was designed to prevent. *Whaley v. Perkins*, 197 S.W.3d 665, 673 (Tenn. 2006) (citations omitted).[4]

By alleging that Plaintiff belongs to the protected class ("motorists and their passengers") contemplated by the laws that Plaintiff alleges Defendants violated, Plaintiff's allegations do not

---

[3] Defendants do not argue that Plaintiff's allegations are "redundant" or "scandalous" under 12(f) so the Court does not consider whether either ground would be applicable here.

[4] "Where, as here, [the Court's] subject matter jurisdiction is based on diversity of citizenship, [the Court] appl[ies] the substantive law of the forum state." *Fox v. Amazon.com, Inc*., 930 F.3d 415, 422 (6th Cir. 2019) (citing *Berrington v. Wal-Mart Stores, Inc*., 696 F.3d 604, 607 (6th Cir. 2012)).

become immaterial or impertinent. Rather, the question of whether Plaintiff is a member of the protected class contemplated by the statutes is necessary to establish Plaintiff's negligence *per se* claim. Notwithstanding this, Defendants argue that Plaintiff's allegations do not involve questions of fact or law on which Plaintiff can succeed. However, that issue is inappropriate to consider on a Rule 12(f) challenge. Defendants have failed to demonstrate why or how Plaintiff's allegations in Paragraph 87 violate Rule 12(f).

    **b.  Punitive damages claim in Paragraph 124**

Under Tennessee law, a court may "award punitive damages only if it finds a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly. *Hodges v. S.C. Toof & Co.*¸833 S.W.2d 896, 901 (Tenn. 1992). A person acts recklessly, as required to support a claim for punitive damages, "when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. *See id.*; *see also Swift v. Old Dominion Freight Lines, Inc.*, 583 F.Supp.3d 1125, 1135–36 (W.D. Tenn. Jan. 31, 2022) (listing examples of vehicle accidents where punitive damages have been awarded under Tennessee case law).

In his Complaint, Plaintiff alleges that Defendants behaved recklessly in the moments before the accident, warranting punitive damages. (ECF No. 25, 20 ¶124.) This is permissible under Tennessee law. As such, Paragraph 124 is neither immaterial nor impertinent because Plaintiff adequately pleads claims for punitive damages against Defendants, and "willful and wanton disregard for the safety of others" is relevant to punitive damages theories. Thus, Defendants have not shown that there is a statutory or other bar to punitive damages in this case sufficient to warrant the extreme measure of striking Plaintiff's request for punitive damages. *See Miller v. DNJ*

5

*Intermodel Servs.*, LLC, No. 2:13-CV-80-SPM, 2013 WL 6159116, at *3 (E.D. Mo. Nov. 25, 2013) (declining to strike plaintiff's claim for punitive damages under a negligence theory where defendants failed to demonstrate a statutory or constitutional bar to such relief under Rule 12(f)); *Labarre v. Memphis Light, Gas & Water Div.*, No. 04-2401, 2006 WL 485086, at *1 (W.D. Tenn. Feb. 28, 2006) (striking prayer for punitive damages where movant showed that such damages were unavailable against the government under the statute at issue).

In summary, because the allegations of Paragraphs 87 and 124 are sufficiently related to the controversy, the Court finds that Defendants are not entitled to relief on a Rule 12(f) motion. *See Kilgore-Wilson v. Home Depot U.S.A.*, No. 2:11-cv-02601-JTF-cgc, 2012 WL 4062663, at *3 (W.D. Tenn. Sept. 14, 2012) (holding that to grant a 12(f) motion, the court must determine that the challenged allegations are so "unrelated to the plaintiff's claims as to be unworthy of any consideration.").

### 2. Prejudice to Defendants

Plaintiff points out that the plain language of Rule 12(f) does not contemplate relief for pleadings that are "prejudicial" or "impermissible." (ECF No. 38, 6.) Even so, courts have considered prejudice as a factor in determining the immateriality or impertinence of allegations. *See Garland*, 2009 WL 3241701, at *1; *United States ex rel. Day v. UT Medical Group, Inc.*, No. 2:12-cv-2139-JPM-dkv, 2013 WL 12149635, at *4 (W.D. Tenn. Aug. 2, 2013) ("To grant a 12(f) motion to strike immaterial language, a court must find that the factual allegations have a prejudicial effect on the moving party.").

Defendants argue that the inclusion of Paragraphs 87 and 124 prejudice them because they allow the Plaintiff to set "the stage for a 'Reptile Theory' and/or 'Golden Rule' argument during discovery and before trial of the case . . . [and will urge the jury] to render a verdict based on fear

6

of safety to themselves or the community, and by implying a heightened standard of care applicable to drivers other than those required by drivers in the state of Tennessee."

Golden Rule arguments by lawyers occur when they suggest or ask jurors to place themselves in the position of the plaintiff. *See Bedford v. Collins*, 567 F.3d 225, 234 (6th Cir. 2009) (A lawyer "may not urge jurors to identify individually with the [plaintiff] with comments like 'it could have been you' the defendant [harmed] or 'it could have been your children.'"). Reptile Theory is a litigation strategy that elicits fear in the jurors' minds that if they do not convict, a crime wave will consume the community. *See Hensley v. Methodist Healthcare Hosps.*, No. 13-2436-STA-cgc, 2015 WL 5076982, at *4 (W.D. Tenn. Aug. 27, 2015) (Reptile Theory "appears to be in use by the plaintiffs' bar in some states as a way of showing the jury that the defendant's conduct represents a danger to the survival of the jurors and their families.").

The Court notes that advancing a 'Reptile Theory' and/or 'Golden Rule' argument during trial would be clearly improper. Notwithstanding this, Defendants' arguments are premature, and a Rule 12(f) motion is not the correct procedural device to address them. *See Miller v. PAM Transport Inc.*, No. 19-cv-242-JPG-GCS, 2019 WL 4962954, at *4–5 (Oct. 8, 2019) (finding that defendants' motion to strike or dismiss based on reptile theory is premature at the pleading stage); *Sanford v. K&B Transportation, Inc.*, No. 1:20-cv-180-ACL, 2021 WL 2588902, at *3 (E.D. Mo. June 24, 2021). Further, the primary allegations at issue are sufficiently related to the controversy and, thus, cannot be said to be prejudicial to Defendants. *See Day*, 2013 WL 12149635, at *4 (finding that allegations bore an important relationship to the claims and therefore could not be said to be unduly prejudicial to defendants).

### III.    CONCLUSION

Consistent with the foregoing, Defendants' Motion to Strike Allegations in Plaintiff's Second Amended Complaint is **DENIED**.

**IT IS SO ORDERED** this 18th day of October, 2024.

                                        *s/John T. Fowlkes, Jr.*
                                        JOHN T. FOWLKES, JR.
                                        UNITED STATES DISTRICT JUDGE