IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JACQUELINE BLEDSOE WEAVER, as the Administrator of the Estate of Julius Bledsoe Weaver and <br><br> PAUL ROYAL, as the Administrator Ad Litem of the Estate of Kayla Nicole Bailey, Deceased, and on behalf of the Wrongful Death of the Estate of Kayla Nicole Bailey, <br><br> Plaintiffs, <br><br> v. <br><br> COX TRANSPORTATION SERVICES, INC., And MELVIN WARREN OSTERBIND, Jr., <br><br> Defendants. | Case No. 2:23-cv-02596-JTF-tmp <br> Case No. 2:23-cv-02348-JTF-tmp |

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' FIRST AND SECOND AMENDED COMPLAINTS**

Before the Court are two motions filed by Defendants Cox Transportation Services and Melvin Osterbind, Jr. ("Defendants") prior to consolidation of this action. First is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Weaver Complaint"), filed on October 24, 2023. (ECF Nos. 13 & 14.)[1] Plaintiff filed a Response on November 21, 2023. (Weaver ECF No. 16.) Second is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("Royal Complaint") filed on September 14, 2023, (ECF Nos. 33 & 34),[2] which Plaintiff opposed on October 10, 2023, (Royal ECF No. 44), and Defendants replied on October 25, 2023. (*Id.* ECF

---

[1] This citation refers to the ECF docket entry numbers for Case Number 23-cv-2596 (hereinafter, "Weaver").

[2] This citation refers to the ECF docket entry numbers for Case Number 23-cv-2348 (hereinafter, "Royal").

1

No. 47.) For the reasons set forth below, Defendants' motions are **DENIED IN PART AND GRANTED IN PART**.

I. **FACTUAL BACKGROUND**

This consolidated action arises out of a September 25, 2022 motor vehicle accident involving Defendant Melvin Osterbind, Jr. ("Osterbind") and decedents Mr. Julius Weaver and Ms. Kaylee Bailey. (Weaver ECF No. 2, ¶¶ 1 & 2.) (Royal ECF No. 25, ¶¶ 28–31.) Weaver's vehicle, in which Bailey was a passenger, collided into the rear of a tractor trailer being operated by Osterbind and owned by Defendant Cox Transportation Services, Inc. ("Cox"). (Royal ECF No. 14, ¶ 28–34.) The collision occurred at night near a poorly lit exit ramp on Interstate 40 in Memphis, Tennessee. Just prior to the collision, Osterbind had stopped his tractor-trailer immediately behind a separate three-car accident that occurred in the second lane of traffic from the right shoulder.  (*Id.* ECF No. 25, ¶¶ 14–17.) After stopping the tractor-trailer, Osterbind failed to place at the rear of the trailer any reflective triangles, flares, cones or other devices to warn approaching drivers of the upcoming hazard.  (ECF No. 25, ¶¶ 24, 25.)

Defendants now move to dismiss certain Counts from both the Complaints under Fed. R. Civ. P. 12(b)(6). From the Weaver Complaint, they seek to dismiss Count 1 against Osterbind based on insufficient pleading of negligence per se; Counts 2 and 4 for direct negligence against Cox, based on the "preemption rule;" and the prayer for punitive damages based on insufficient pleading. (Weaver ECF No. 13.) As to the Royal Complaint, Defendants seek to dismiss Count 1 on the ground that the factual allegations rise only to the level of ordinary negligence and other allegations alleging recklessness against Osterbind are merely conclusory assertions; Count 2 against Osterbind based on the "preemption rule" and insufficient pleading of negligence per se;

2

Count 4 for direct negligence against Cox, based on the "preemption rule;" and the prayer for punitive damages and prejudgment interest. (Royal ECF No. 33.)

## II.     LEGAL STANDARD

A complaint must contain sufficient facts to "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs do not succeed in making a claim plausible by adorning their complaints with facts creating a "sheer possibility that a defendant has acted unlawfully" or facts that are "merely consistent with a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Id.* at 557). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 557). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 663 (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678–79. Thus, it is incumbent upon the Court to first sort through the plaintiff's complaint and separate the real factual allegations, which are accepted as true and contribute to the viability of the plaintiff's claim, from the legal conclusions that are only masquerading as facts and need not be accepted. *See Edison v. State of Tennessee Dept. of Children's Services*, 510 F.3d 631, 634 (6th Cir. 2007). Once the Court has discarded the legal conclusions, the question becomes whether the actual remaining facts state a plausible claim for relief.

When considering whether a complaint meets this standard, the Court must accept all factual allegations in the complaint as true, draw all inferences in the light most favorable to the plaintiff, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018); *see also Ashcroft*, 556 U.S. at 678–79. Moreover, the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

### III.   ANALYSIS

**A. Count 1 of the Weaver Complaint – Negligence Per Se Claim Against Osterbind; Count 2 of the Royal Complaint – Negligence Per Se Claim Against Osterbind and Cox.**

   **1. Negligence Per Se[3]**

Tennessee has long recognized negligence per se as an independent cause of action. *See Smith v. Owen*, 841 S.W.2d 828, 831 (Tenn. Ct. App. 1992). Under Tennessee law, the violation of a statute or regulation is negligence per se as to members of the class that the statute or regulation is intended to protect. *Teal v. E.I. DuPont de Nemours & Co.*, 728 F.2d 799 (6th Cir.1984), following *Alex v. Armstrong*, 215 Tenn. 276, 385 S.W.2d 110 (1964); *Taylor v. Coburn*, 597 S.W.2d 319, 322 (Tenn. App. 1980); *Berry v. Whitworth*, 576 S.W.2d 351, 353 (Tenn. App. 1978). To recover on a theory of negligence per se in Tennessee, a plaintiff must show that (1) the defendant violated a law that imposes a duty or prohibits some conduct for the benefit of the public; (2) the plaintiff was within the class of persons intended to benefit or be protected by the law; and

---

[3] "Where, as here, [the Court's] subject matter jurisdiction is based on diversity of citizenship, [the Court] appl[ies] the substantive law of the forum state." *Fox v. Amazon.com, Inc.*, 930 F.3d 415, 422 (6th Cir. 2019) (citing *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012)).

(3) the defendant's negligence was the proximate cause of the plaintiff's injury. *See Cook ex rel. Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 937 (Tenn. 1994); *Smith v. Owen*, 841 S.W.2d 828, 831 (Tenn. Ct. App. 1992). The law at issue must "establish a standard of care" to support a negligence per se claim. *Atria v. Vanderbilt Univ.*, 142 Fed. Appx. 246, 253–54 (6th Cir. 2005). However, a finding of negligence per se is not equivalent to a finding of liability per se. *Duckwitz v. Manor*, 238 Ga. App. 545, 519 S.E.2d 483, 484 (1999); *Sikora v. Wenzel*, 727 N.E.25656d at 1281; *Trivelas v. South Carolina Dep't of Transp.*, 348 S.C. 125, 558 S.E.2d 271, 275 (Ct.App.2001). Plaintiffs in negligence per se cases must still establish causation in fact, legal cause, and damages. *McIntyre v. Balentine*, 833 S.W.2d 52, 59 (Tenn. 1992); *Steagall v. Dot Mfg. Corp.*, 446 S.W.2d 515, 518 (Tenn. 1969); *Kim v. Boucher*, 55 S.W.3d 551, 557 (Tenn. Ct. App. 2001). The Court considers each of Plaintiffs' negligence per se claims in turn.

### 2. The Weaver Complaint

The Weaver Complaint alleges negligence per se against Osterbind, using three Tennessee traffic statutes and one City of Memphis ordinance as the sources of duty. (Weaver ECF No. 2, ¶¶ 28–40.) Specifically, Plaintiff cites to Tenn. Code Ann. §§ 55-8-103, 55-8-158(a), and 55-10-205(a), and a City of Memphis ordinance § 11-16-44. (*Id.* at ¶¶ 37–38.)

In their 12(b)(6) motion, Defendants argue that Plaintiff's negligence per se claim against Osterbind is conclusory and devoid of facts, and that Plaintiff failed to plead facts sufficient to establish breach and causation because the Complaint "failed to provide any detail as to what specific provisions of the cited regulations are applicable in this case, how Defendant Osterbind violated these regulations, or how the violations by the Defendants proximately caused or contributed to the accident." (Weaver ECF No. 14, 5) (emphasis omitted).

5

Turning first to § 55-8-103, it does not appear that the statute sets forth any specific standard of care, class of protected persons, or the type of injury it seeks to prevent or punish. It simply provides that a driver has an ongoing obligation to comply with Tennessee's traffics law, and that a violation amounts to a Class C misdemeanor. Thus, the Court **GRANTS** the Defendants' motion as to this statute.

Taking the allegations of the complaint as true, the Court finds that Plaintiffs have met their burden with regard to § 55-8-158(a). This statute prohibits stopping, standing or parking of a vehicle on a highway when it is practicable to do so safely off the highway. The Complaint alleges that Osterbind stopped and parked his commercial motor vehicle in the middle of a poorly lit Interstate highway at night, and failed to warn oncoming traffic, apparently in violation of the statute. *Compare Fontaine v. Mason Dixon Freight Lines*, 357 S.W.2d 631, 634 (Tenn. Ct. App. 1961) (driver of large truck who pulled into left lane of two lane highway on mountain and stopped just below sharp turn to his left, in violation of then T.C.A. § 59-859 prohibiting stopping on highway, was guilty of gross or willful negligence) *with Kellner v. Budget Car and Truck Rental, Inc.*, 359 F.3d 399, 404-05 (6th Cir. 2004) (driver of tractor-trailer rig did not breach duty of care owed to other motorists by leaving disabled rig in breakdown lane off the active traffic lanes of the interstate, where driver placed warning triangles behind rig and rig was plainly visible for a distance of over 1,000 feet) (citing Tenn. Code Ann. § 55-8-158). Clearly, the decedent, another motorist on the road, was within the broad class of persons that this statute is ultimately designed to protect. The Complaint alleges that Osterbind's actions were the proximate cause of the accident and the decedent's death. As stated previously, a Rule 12(b)(6) motion to dismiss for failure to state a claim tests only the sufficiency of the complaint, not the strength of a plaintiff's proof. The

Court finds that the facts alleged in the Complaint sufficiently state a plausible claim for relief. As to this statute, the Court **DENIES** Defendants' motions to dismiss.

Lastly, Defendants argue that § 55-10-205(a) is inapplicable to the facts of this case because the Complaint provides that Osterbind's vehicle was stationary at the time of the accident. (ECF No. 14, 5.)[4] Construing the factual allegations as true, the Court agrees with the Defendant. *See Ray v. State*, 563 S.W.2d 218, 219 (stating the elements of reckless driving as "(1) driving a vehicle, (2) in willful or wanton disregard for the safety of persons or property" in reference to then T.C.A. § 59-858). Since Osterbind was not driving his commercial vehicle at the time of the collision,[5] as required to find violation of the statutes, Defendants' motions to dismiss as to § 55-10-205(a) and City of Memphis ordinance § 11-16-44 are **GRANTED**.

### 3. The Royal Complaint

The Royal Complaint asserts a negligence per se claim against both Osterbind and Cox, citing provisions of the Federal Motor Carrier Safety Act Regulations ("FMCSRs"), namely 49 C.F.R. § 392.22(b); four statutes of the State of Tennessee, namely Tenn. Code Ann. §§ 55-8-136, 55-8-158, 55-8-160, and 55-10-205; three ordinances of Shelby County Code §§ 24-116, 24-184, and 24-187; one Memphis City ordinance § 11-16-44; and provisions of the Virginia Commercial Driver's Manual, namely §§ 2.20.1, 2.5.1, 2.8.3, and 2.11.1.[6] (Royal ECF No. 25, ¶¶ 66–93.) Some cited statutes, regulations, and factual allegations in the Royal Complaint are the same as in the Weaver Complaint. Similar objections are raised. The Court addresses the remaining statues and regulations below.

---

[4] The Court assumes that the same argument is applicable to the identical state counterpart, City of Memphis ordinance § 11-16-44.

[5] As per Plaintiffs, "Osterbind got out of his tractor trailer" upon parking it. (Royal ECF No. 14, ¶ 84.)

7

Plaintiff alleges that Osterbind stopped his tractor-trailer in a traveled lane of traffic, on a poorly-lit section of an Interstate highway, and failed to put out any flares, cones or devices to warn oncoming traffic of the danger, in violation of 49 C.F.R. § 392.22(b). (Royal ECF No. 25, ¶¶ 70–79.) This regulation requires a driver of a commercial motor vehicle to place warning devices within ten (10) minutes of stopping upon the traveled portion or shoulder of the highway for any cause other than necessary traffic stops. The stated purpose of Federal Motor Carrier Safety Regulations ("FMCSRs"), such as 49 C.F.R. § 392.22(b), was to ensure that "[c]ommercial motor vehicles are . . . operated safely." *See* 49 U.S.C. § 31136(a). As a result, other motorists and their passengers, like the decedents, who are approaching a stopped commercial vehicle are within the class of protected persons. *See also NFI Interactive Logistics LLC v. Bruski*, 239 N.E.3d 63, 77 (Ind. Ct. App. 2024) (finding that 49 U.S.C. § 31136(a) was designed in part to protect other motorists as they approached a commercial truck, and required warnings to alert motorists to danger in the immediate area, which might include debris from a blown tire or other hazards). Thus, it appears that this statute is applicable if Osterbind failed to do so within ten minutes of stopping, a fact that Plaintiffs did not definitively allege in the complaint. *See also* 49 C.F.R. § 392.22(b)(1). However, drawing all reasonable inferences in favor of the Plaintiffs, the Court concludes Plaintiffs have made a sufficiently plausible claim and should be allowed to conduct discovery on this fact. Accordingly, the motion is **DENIED** as to 49 C.F.R. § 392.22(b).

§ 55-8-136(a) is applicable to Plaintiff's factual allegations as stated in the Complaint. This statute requires drivers to exercise due care to see and avoid endangering life, limb or property and colliding with any other vehicle. Plaintiffs allege that Osterbind did not exercise due care in operating his vehicle when he stopped in a lane of traffic on a poorly-lit portion of an Interstate highway at night and failed to set out any warning devices except for his cell phone flashlight. (*See*

8

Royal ECF No. 14.) However, it does not appear that any of the provisions of § 55-8-160 are applicable, given the facts alleged in the Complaint. Thus, the Defendants' motion is **DENIED** as to § 55-8-136, but **GRANTED** as to § 55-8-160.

Next are the Shelby County Code Ordinances. § 24-116 is a county counterpart of Tenn. Code Ann. § 55-8-136, so it is also inapplicable to the instant facts. However, § 24-184 prohibits persons from stopping, standing, or parking vehicles on any part of the interstate highway system except in certain limited circumstances. Similarly, § 24-187 prohibits obstruction of traffic, except in a public emergency or when directed by an officer or deputy. Osterbind's actions as alleged in the Complaint violated the plain language of §§ 24-184(a)(16) and 24-187.[7] Accordingly, based on the foregoing, Defendants' motion to dismiss Plaintiffs' negligence per se claim based on §§ 24-116, 24-184, and 24-187 is **DENIED**.

Plaintiff's last source for his negligence per se claim is the Virginia Commercial Driver's Manual. As previously noted, to recover on a theory of negligence per se in Tennessee, a plaintiff must first show that the defendant violated a law or regulation that imposes a duty or prohibits some conduct for the benefit of the public. Because guidelines are not laws, Plaintiff's negligence

---

[7] Applicable provisions of Shelby County Code §§ 24-184 and 24-187 provide that:
§ 24-184. Stopping, standing and parking prohibited in specified places.
(a) No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the direction of an officer, deputy, or traffic control device, in any of the following places:
(16) On any part of the interstate highway system; except that vehicles may be left on the portion of the interstate not intended for travel for a period of four hours if a note is attached thereto or the hood of such vehicle is left raised indicating that an emergency situation necessitated the vehicle being left in this location.
§ 24-187. Obstructing traffic prohibited.
(a) No driver shall stop, stand or park a vehicle abreast of another vehicle parallel to the curb or in any other manner so as to interrupt or interfere with the passage of other vehicles on any street or highway except in the case of public emergency or when directed by an officer or deputy.
(b) It shall be unlawful to leave any vehicle standing in any street or highway when such vehicle constitutes a hazard to public safety or an obstruction to traffic.

per se claim based on violation of the manual's guidelines fails and Defendant's motion is **GRANTED**.

### B. Counts 2 and 4 of the Weaver Complaint and Counts 2 and 4 of the Royal Complaint – Preemption Rule

Next, Defendants argue the direct negligence claims against Cox should be dismissed under the preemption rule because Cox has admitted vicarious liability under a *respondeat superior* theory for the negligent acts, (if any) of Osterbind, making any direct negligent claims for negligent hiring and negligent entrustment against Cox duplicative. (Weaver ECF No. 14, 6–13.) (Royal ECF No. 34, 9–15.)[8] They contend that the evidence to support Plaintiff's allegations of negligent hiring, entrustment, retention, supervision, and training would prejudice Cox by allowing the jury to hear evidence that would not increase Plaintiff's recovery. (*Id.*) (Weaver ECF No. 14, 6–13.) Additionally, Defendants argue that the negligence per se claim against Cox should also be dismissed under the preemption rule. (Royal ECF No. 34, 7.)

After Defendants filed their motion, the Tennessee Supreme Court issued its decision in *Binns v. Trader Joe's East, Inc.* and expressly declined to adopt the preemption rule as the law of Tennessee. *See* 690 S.W.3d 241, 253 (Tenn. Apr. 8, 2024) ("[W]e decline to adopt the preemption rule in Tennessee and hold that a plaintiff may proceed with a direct negligence claim against an employer even after the employer admits to being vicariously liable for the actions of its employee."). The *Binns* Court also addresses arguments similar to Defendants' assertion that "proof to support Plaintiffs' allegations of negligent hiring, entrustment, retention supervision, and training would prejudice Cox by allowing the jury to hear evidence that would not increase Plaintiffs' recovery." (Royal, ECF No. 34, 14.) In rejecting the preemption rule, the Court

---

[8] In both Motions, Defendants based their arguments entirely on a prediction about whether the Tennessee Supreme Court would adopt the preemption rule.

explained that the rule is "in conflict with the basic principles of Tennessee's system of modified comparative fault" because a jury may assign greater percentage of fault to a plaintiff or an additional defendant if the employer's alleged direct negligence is eliminated from the jury's consideration. 690 S.W.3d at 252 ("[W]e disagree with Defendant's contention that after employers admit vicarious liability for the allegedly negligent conduct of their employees, evidence of direct negligence on the part of the employers serves no purpose other than to prejudice defendants, inflame the passion of jurors, and unreasonably expand the scope of discovery.") (internal quotations omitted).

Therefore, Plaintiffs are permitted to proceed with their direct negligence claims against Cox even if Cox admits to being vicariously liable for the negligent acts, if any, of Osterbind. Plaintiff Royal is also permitted to proceed with its negligence per se claim against Cox. The motion as to Counts 2 and 4 of the Weaver Complaint, consequently, is **DENIED**. For similar reasons, the motion is **DENIED** as to Counts 2 and 4 of the Royal Complaint.

### C. Count 1 of the Royal Complaint – Recklessness, and the Prayer for Punitive Damages in both Weaver and Royal Complaints.

Generally, states have formed their laws to restrict the awarding of punitive damages to cases involving only the most egregious of wrongs. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). In Tennessee, ordinary negligence is insufficient to support an award for punitive damages. *Womack v. Gettlefinger*, 808 F.2d 446, 453 (6th Cir. 1986), *cert denied*, 484 U.S. 820 (1987) ("[P]oor judgment and lack of ordinary care [are] not the stuff of which punitive damages are made – at least not in Tennessee."). "Further, because punitive damages are to be awarded only in the most egregious of cases, a plaintiff must prove the defendant's intentional, fraudulent, malicious, or reckless conduct by clear and convincing evidence." *Hodges*, 833 S.W.2d at 901. A person acts recklessly when the person is aware of, but consciously disregards, a

substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. *Id.* (citing Tenn. Code Ann. § 39-11-302(c)). Tennessee courts have found defendants conduct in certain vehicular collisions to be sufficiently egregious to support awards punitive damages. *See Fontaine*, 357 S.W.2d at 634 (driver of large truck who pulled into left lane of two lane highway on mountain and stopped just below sharp turn to his left was guilty of gross or willful negligence); *Honaker v. Leonard*, 325 F.Supp. 212, 214 (E.D. Tenn. 1971) (punitive damages award upheld against a defendant who was drag racing on the highway); *Sakamoto v. N.A.B. Trucking Co.*, 717 F.2d 1000 (6th Cir. 1983) (punitive damages assessed against truck driver and his employer where driver, a habitual user of amphetamines and had been without sleep for more than 40 hours, attempted to turn his truck around on an interstate highway in the wrong direction without warning lights when plaintiff ran into the driver's truck); *Worley v. Pharris*, No. 155, 1991 WL 148046, at *3 (Tenn. Ct. App. 1991) (punitive damages awarded where defendant driver consumed marijuana); *Perry v. Dewey*, No. 02A01-9406-CV-00142, 1995 WL 422660, at *3 (Tenn. Ct. App. 1995) (punitive damages justified when defendant driver had blood alcohol of .15% at the time of the accident).

    The crux of the Defendants' argument is that according to the above standards, punitive damages cannot be assessed against them because their conduct does not rise to the level of recklessness required under Tennessee law. (Weaver ECF No. 14, 15.) (Royal ECF No. 34, 15.) Defendants further argue that even if the Court finds that Plaintiffs' allegations in support of their prayer for punitive damages are consistent with recklessness, Plaintiffs have still failed to allege with plausibility that Defendants acted recklessly. (*Id.* at 6–7.) (Weaver ECF No. 14, 15.) Plaintiffs respond that Defendants' actions were sufficiently reckless. Specifically, they contend that

Osterbind's actions made the roadway more dangerous by moving the hazard up the road, resulting in decreased distance and reaction time of oncoming traffic, and failing to employ safety devices to warn approaching vehicles of the upcoming hazard. (Weaver ECF No. 2, ¶ 18.) (Royal ECF No. 25, ¶ 60.)

The Court agrees with Plaintiffs. As previously stated, in order to survive a motion to dismiss for failure to state a claim, the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz*, 534 U.S. at 511. Taking the allegations in the Complaint as true, the Court finds that Plaintiffs have alleged facts sufficient to show recklessness and support their claimed entitlement to punitive damages. Plaintiffs allege the following facts: Osterbind stopped his 18-wheeler tractor trailer behind a three-car collision in the second lane from the right just before the N. Hollywood exit on Interstate 40 Eastbound and did not put up any warning devices, other than the light from his cell phone, to warn oncoming traffic of the presence of not just the initial accident, but also his vehicle. (Weaver ECF No. 2& Royal ECF No. 25.) These facts sufficiently allege recklessness under the *Hodges* standard; even if Osterbind was not under the influence, he had actual knowledge of the danger he created, and consciously disregarded it. Under Plaintiffs alleged facts, the risk created by Osterbind was substantial, unmitigated, and unjustified. As such, the Complaint's facts sufficiently allege recklessness, and thereby support Plaintiff's claim for punitive damages. Accordingly, the Court **DENIES** the Defendants' motion to dismiss as to a claim of recklessness and punitive damages. The Court need not address the potential for punitive damages on the other bases described above.

### D. Prayer for prejudgment interest in the Royal Complaint

Defendants argue that under Tennessee law, prejudgment interest is not available in personal injury cases. (ECF No. 33, 4.) *See Francois v.* Willis, 205 S.W.3d 915, 916 (Tenn. Ct. App. 2006) ("One of the legal principles firmly embedded in our jurisprudence is that prejudgment interest is not available in personal injury cases."); Tenn. Code Ann. § 47-4-123 (award of prejudgment interest in personal injury cases is not authorized). Plaintiff does not oppose the dismissal of its request. (Royal, ECF No. 44, 20.) Hence, the Court **GRANTS** Defendant's motion to dismiss as to the prejudgment interest.

## IV.    CONCLUSION

Consistent with the foregoing, the Court **DENIES IN PART AND GRANTS IN PART** Defendants' Motions to Dismiss arising in both cases.

The Court **GRANTS** Defendants' motion to dismiss from the Weaver Complaint negligence per se claims based on §§ 55-8-103, 55-10-205(a), 11-16-44. The motion is **DENIED** as to negligence per se claims based on § 55-8-158; Counts 2 and 4 for direct negligence against Cox, based on the "preemption rule;" and the prayer for punitive damages.

Further, the Court **GRANTS** Defendants' motion to dismiss from the Royal Complaint negligence per se claims based on the §§ 55-10-205(a), 11-16-44, and 55-8-160, and the guidelines of the Virginia Commercial Driver's Manual; and the prayer for prejudgment interest. The motion is **DENIED** as to Count 1 alleging recklessness; negligence per se claims based on 49 C.F.R. § 392.22(b), §§ 55-8-158, 55-8-136, 24-116, 24-184, and 24-187; Counts 2 and 4 based on the "preemption rule,"; and the prayer for punitive damages.

**IT IS SO ORDERED** this 29th day of January, 2025.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

14